## William Reeda, Appellant, v. Anton Wagner, Appellee.

## Gen. No. 29,658.

LANDLORD AND TENANT—*when lease not forfeited by lessee for nonpayment of taxes.* Where a lease provided that the lessee was to pay the general taxes levied against the property, in time to prevent "any sale or forfeiture" for taxes, and that the lessor might have the option of paying the taxes when they became due and payable, and that the lessee should on the next rent day pay any such amount laid out by the lessor, together with interest, and where the lessee, upon being notified of the amount so paid, offered to pay the same and the lessor claimed that such payment came too late, in accordance with the terms of the lease, the lessee could not be dispossessed in forcible detainer proceedings instituted on June 10 because of his failure to make payment with interest by June 1. Application for judgment and order of sale is not made until the June or subsequent term of the county court, and taxes may be paid at any time before the sale.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WILLIAM E. VINER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 9, 1925.

WILLIAM JAFFE, for appellant.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Plaintiff filed in the municipal court of Chicago a complaint in forcible detainer, alleging that he was entitled to the possession of certain premises in Chicago, known as 1252 N. Clark street, and that the defendant, Anton Wagner, unlawfully withholds possession from him. On the trial the court directed the jury to return a verdict finding the defendant not guilty. Such verdict was returned and, after plaintiff's motions for a new trial and in arrest of judg-

ment had been overruled, judgment was entered against plaintiff for costs and he appealed. Defendant has not filed a brief in this Appellate Court.

Wagner, as assignee of the lessee in a certain written lease, was a tenant of the premises with the consent of Reeda, the lessor, paying him the monthly rent. The lease did not expire until April 29, 1928. When Wagner accepted the assignment and took possession he agreed to be bound by all of the covenants and conditions of the lease, except as to the amount of the rent which was increased from $110 to $135 per month. Reeda brought the present suit for possession on the ground that Wagner had made default, under the terms of the lease, in not repaying to Reeda, within proper time after demand, the amount of the general taxes, $444.38, levied on the premises for the year 1923, and which Reeda had paid on May 2, 1924. In clause (a) of the fourth paragraph of the lease it is provided that the first annual taxes to be paid by the lessee shall be those for the year 1923, that the lessee shall deliver to the lessor from time to time receipts for all tax payments within 30 days after the respective payments evidenced thereby, and that "all such payments shall be made *in apt time to prevent any sale or forfeiture therefor.*" In clause (b) of said paragraph it is provided that the lessor "shall at his option have the right at all times during said demised term to pay any taxes, * * * remaining unpaid after the same shall have become due and payable, and to pay, cancel and clear off all tax sales, forfeiture liens, charges and claims upon said demised premises or reversionary interest therein, *which under the terms of this lease it is the duty of said lessee to pay,* and to redeem said demised premises * * * from the same, * * * and the amount so paid, including reasonable expenses, shall at the option of the lessor be so much additional rent due from the lessee to the lessor at the next rent day after

such payment, with interest at the rate of 7 per cent per annum from the date of payment thereof by the lessor until the repayment thereof to the lessor by the lessee.'' In paragraph twenty-first of the lease it is provided that if default should be made in the payment of the rent, or in any of the covenants to be kept by the lessee, the lessor might at his election, without notice or demand of rent, declare the term ended and re-enter the premises either without or with process of law.

The evidence further disclosed that on April 22, 1924, Reeda wrote Wagner, advising him that the general taxes for the year 1923 on the premises were $444.38, that taxes generally had been ''boosted,'' and requesting him to send a check by return mail for the amount and to ''then come in and see me about arrangements to pay for services in keeping the taxes down on your property''; that on May 1, 1924, Reeda mailed a bill to Wagner to the effect that the amount for said taxes was due to Reeda from Wagner; that on May 2, 1924, Reeda paid said taxes to the county collector and obtained a tax bill marked paid; that on and after June 11, 1924, Wagner, through his attorney, at different times mailed two checks to Reeda in payment of the amount of said taxes, which checks were returned by Reeda for the reasons, as testified by him, that the same were ''not legal tender and insufficient in amount and coming too late in accordance with the terms of the lease''; and that on July 10, 1924, Reeda commenced the present action.

At the time of the entry of the verdict against Reeda, the court stated in substance that the failure of Wagner to repay to Reeda by June 1, 1924 (the next rent day) the amount of the taxes so paid by Reeda on May 2, 1924, together with interest on said amount at the rate of 7 per cent per annum from the date of said payment by Reeda, did not constitute a default in the payment of rent under the terms of the lease.

We are of the opinion that the actions of the court in directing the verdict, and entering the judgment were proper. While the lease provided that the lessee should pay the general taxes each year, and that the lessor had the *option* to pay them when they became due and payable, yet, under clause (a) of the fourth paragraph of the lease, the lessee was required only to make payment for said taxes "in apt time to prevent any sale or forfeiture." Interest at one per cent per month on due and unpaid taxes does not commence to run until May 1 (Cahill's St. 1923, ch. 120, sec. 177, ¶ 195); and application for judgment and order of sale for taxes on delinquent lands and lots is not made until the June or subsequent term of the county court (Cahill's St. ch. 120, sec. 185, ¶ 203); and taxes may be paid at any time before the sale (Cahill's St. ch. 120, sec. 189, ¶ 207). Under the terms of the lease, Wagner was not obliged, in repaying Reeda for the amount of the taxes paid by the latter on May 2, to also pay interest on said amount from said date, and it appears that before the present action was commenced Wagner offered to repay to Reeda the amount paid by him on account of the taxes, which amount Reeda refused to receive. Under the somewhat peculiar facts disclosed we do not think that when the action was commenced Reeda was entitled to the possession of the premises and to dispossess Wagner, who was conducting a restaurant business on the premises by virtue of the lease which had several years yet to run.

The judgment of the municipal court should be affirmed, and it is so ordered.

*Affirmed.*

FITCH, P. J., and BARNES, J., concur.